NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re: TCT MOBILE INTERNATIONAL LIMITED,**
*Petitioner*

---

2020-103

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in No. 2:18-cv-00194-JRG, Judge J. Rodney Gilstrap.

---

## ON PETITION

---

Before DYK, WALLACH, and TARANTO, *Circuit Judges.*

WALLACH, *Circuit Judge.*

### O R D E R

TCT Mobile International Limited ("TCT International") petitions for a writ of mandamus compelling the United States District Court for the Eastern District of Texas to dismiss for lack of personal jurisdiction.

Semcon IP, Inc. brought this suit in the Eastern District of Texas against TCT International, a Hong Kong company with no offices or employees in Texas. The complaint accuses TCT International of infringing or actively inducing others to infringe four patents by, inter alia, importing certain smartphones into the United States.

TCT International moved to dismiss the complaint for lack of personal jurisdiction.  TCT International argued that the extent of its involvement was purchasing the accused products from a related entity and then selling them in Hong Kong to another related entity, TCT Mobile (US) Inc. ("TCT US").  TCT International argued that it had no control over TCT US's import and sale of the accused products into the United States, particularly in Texas.

The district court denied the motion.  In doing so, it concluded that Semcon had provided "sufficient evidence that, 'acting in consort' with TCT US, TCT International deliberately and purposefully shipped Accused Products to Texas."  It did so after noting that TCT International "regularly ships Accused Products ordered by TCT US to a warehouse in Fort Worth, Texas" and an individual "personally travelled to Texas in his capacity as an employee of TCT International to 'take a look at the location of our handsets after they have been sold to [TCT US].'"*

A writ of mandamus is a "drastic and extraordinary remedy reserved for really extraordinary causes." *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 380 (2004) (internal quotation marks and citation omitted).  A petitioner must satisfy three requirements: (1) the petitioner must "have no other adequate means to attain the relief" desired; (2) the petitioner must show that the "right to issuance of the writ is clear and indisputable"; and (3) the petitioner must convince the court that the writ is "appropriate under the circumstances." *Id.* at 380–81 (internal quotation marks and citations omitted).

Because a defendant can obtain meaningful review of a denial of a motion to dismiss for lack of jurisdiction after

---

\*    We note that TCT International argues in its petition that this individual was not actually an employee of TCT International.  We take no position on that issue here.

final judgment, mandamus is ordinarily not available.  *See In re BNY ConvergEx Grp., LLC*, 404 F. App'x 484, 485 (Fed. Cir. 2010).  We see no exceptional circumstances here to depart from that general rule.  TCT International cannot justify an end run around the final judgment rule by arguing that "the financial harm and inconveniences associated with forcing" it "to litigate in Texas will [already] have been done."  As the Supreme Court has explained, "extraordinary writs cannot be used as substitutes for appeals . . . even though hardship may result from delay and perhaps unnecessary trial." *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 383 (1953) (citations omitted).

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

November 06, 2019                    /s/ Peter R. Marksteiner
Date                                     Peter R. Marksteiner
                                             Clerk of Court

s32